**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GOOSEHEAD INSURANCE AGENCY, LLC | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 3:24-cv-61 |
| v. | § § | |
| GOOSE INSURANCE SERVICES, INC. | § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff Goosehead Insurance Agency, LLC files this Original Complaint against Defendant Goose Insurance Services, Inc., and respectfully states as follows:

### I. PARTIES

1.      Plaintiff Goosehead Insurance Agency, LLC ("Goosehead Insurance") is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in Tarrant County, Texas.

2.      Defendant Goose Insurance Services, Inc. ("Goose Insurance" or "Defendant") is a corporation organized under the laws of Delaware with a principal place of business at 2219 Rimland Drive, Suite 301, Bellingham, Washington 98226. Goose Insurance may be served through its registered agent, Nozhat Rahimi, at its principal place of business.

### II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), (b) because this action involves claims of trademark infringement arising under federal law as well as related claims of unfair competition.

1

4.     Goose Insurance has committed acts which have reasonably foreseeable consequences in Texas, including by distributing, marketing, and selling infringing insurance products and services to Texas residents, registering with the Texas Department of Insurance, and operating an interactive website and mobile application whereby Texas residents can and, on information and belief, have purchased Defendant's insurance products and services.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Goosehead Insurance's claims occurred in this District. Venue is further proper in this District because Defendant is subject to personal jurisdiction in this District and deemed to reside here. *See* 28 U.S.C. § 1391(b)(1), (c).

### III.   FACTUAL ALLEGATIONS

**A.     Goosehead Insurance and Its Trademarks.**

6.     Goosehead Insurance was founded in North Texas in 2003 and has grown to be among the largest and fastest-growing personal lines insurance brokers in the country.

7.     Goosehead Insurance offers its customers transparency and the power of choice by shopping policies across over one hundred and fifty insurance companies, presenting its customers with policies and prices from insurance carriers targeting their segment of the market,  and enabling its customers to select and bundle the plans that work best for them.

8.     Goosehead Insurance offers its customers a wide range of insurance coverage options, including Homeowners, Condo, Renters, Manufactured Home, Landlord, Secondary Home, Builder's Risk, Farm, Automobile, Boat, Motorcycle, RV/Trailer, Golf Cart, ATV, Snowmobile, Flood, Standalone Wind, Standalone Earthquake, Commercial, Umbrella, Collections/Personal Articles, and Life insurance coverages.

9.     Goosehead Insurance has more than 2,000 total corporate and franchise agents

spanning the U.S.

      10.     To date, Goosehead Insurance is responsible for almost $3 billion in insurance premiums across the country.

      11.     Goosehead Insurance began using its GOOSEHEAD family of trademarks more than twelve years ago and has been continuously using the marks in commerce since that time. Goosehead Insurance owns both common law and registered trademark rights in its GOOSEHEAD family of trademarks, including the federally registered trademarks listed below:

| Trademark | Registration Date | Registration No. |
|---|---|---|
| **GOOSEHEAD INSURANCE** | Nov. 6, 2012 | 4,239,148 |
| | Nov. 6, 2012 | 4,239,146 |
| | Nov. 6, 2012 | 4,239,147 |
| **GOOSEHEAD** | Dec. 6, 2016 | 5,095,438 |
| **GOOSEHEAD INSURANCE** | Feb. 19, 2019 | 5,680,309 |
| | Feb. 19, 2019 | 5,680,311 |
| | Feb. 19, 2019 | 5,680,305 |

(collectively, the "GOOSEHEAD Marks"). True and correct copies of the federal trademark registration certificates for the GOOSEHEAD Marks are attached hereto as <u>Exhibit A.</u>

12.     Goosehead Insurance has been continuously using the GOOSEHEAD Marks in commerce in association with its insurance products and services since 2012. Among other things, Goosehead Insurance uses the GOOSEHEAD Marks on print and digital marketing materials, television and radio commercials, its mobile friendly website, social media posts and advertisements, billboards, business cards, letterhead, clothing, and its websites located at www.goosehead.com and https://ir.gooseheadinsurance.com/?t=w.

13.     Goosehead Insurance has established considerable brand recognition and goodwill with respect to its GOOSEHEAD Marks, and consumers throughout the country, including in Texas and this district, have come to associate the GOOSEHEAD Marks with Goosehead Insurance's high quality insurance products and services.

14.     Goosehead Insurance has expended considerable amounts of time, skill, labor, and money designing, developing, promoting, and protecting its rights in the GOOSEHEAD Marks.

**B.      Goose Insurance's Infringement.**

15.     Despite the nationwide consumer goodwill and brand recognition Goosehead Insurance has established in the GOOSEHEAD Marks through years of hard work and investment, Defendant has recently begun doing business throughout the country, including in this state and this district, as Goose Insurance.

16.     Like Goosehead Insurance, Goose Insurance offers a wide range of insurance products throughout the United States, including Renters, Automobile, Scooter, Bicycle, Life, Disability, Travel, and Pet insurance.

17.     Goose Insurance extensively uses the marks GOOSE and GOOSE INSURANCE

(the "Infringing Marks") through its print and digital marketing materials, television advertisements, its mobile application, its website located at gooseinsurance.com, social media pages, clothing, and elsewhere to market its insurance products and services.

18.    Goose Insurance's use of the Infringing Marks in connection with its advertising, offering, selling, and providing products in commerce throughout the United States, including in this district, that are marketed to similar consumers and in overlapping channels of trade as authentic Goosehead Insurance products and services, is likely to mislead consumers as to the source of Goose Insurance's insurance products and services and is likely to cause consumer confusion or mistake and to deceive consumers into believing that Goose Insurance's products are affiliated with, connected with, associated with, or endorsed by Goosehead Insurance when they are not.

19.    As a consequence of Goose Insurance's ongoing infringement of the GOOSEHEAD Marks and unauthorized use of the confusingly similar Infringing Marks, Goosehead Insurance has suffered and will continue to suffer irreparable harm, the exact nature, extent, and amount of which cannot be ascertained at this time. Therefore, in addition to damages, Goosehead Insurance is also entitled to preliminary and permanent injunctive relief.

**C.    Defendant Targets The Citizens of Texas and This District.**

20.    Goose Insurance specifically targets the citizens of Texas with its insurance products and services, including by offering an assortment of insurance products targeted at Texas and Texas residents through its website.[1]

21.    Goose Insurance also has Texas-specific policy wording for its Travel Insurance

---

[1] *See* https://www.gooseinsurance.com/en-us/policy-wordings (last visited Jan. 8, 2024).

policies, which it displays on its website.[2]

22.     Goose Insurance has registered with the Texas Department of Insurance to offer Life, Accident, Health & HMO, Property and Casualty insurance products and services in Texas.

23.     Goose Insurance has also partnered with companies in Texas to sell insurance products, including Occidental Life Insurance Company of North Carolina (out of Waco, Texas) and American Amicable Life Insurance Company of Texas.

24.     On January 3, 2022, Omar Kaywan of Goose Insurance gave an interview on NBCDFW, which is broadcast to the North Texas market, describing Goose Insurance's travel insurance offerings in light of recent flight cancellations:[3]



---

[2] *See* https://goose-production.s3.amazonaws.com/public/Goose-USA-Plus-Policy-Wording-G1-1.2.en.pdf (last visited Jan. 8, 2024).
[3] https://www.nbcdfw.com/news/local/southwest-airlines-cancels-hundreds-of-flights-as-winter-weather-moves-into-north-texas/2850313/ (last visited Jan. 8, 2024).

## IV.  CAUSES OF ACTION

### *Count One: Trademark Infringement, 15 U.S.C. § 1114*

25.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

26.     Goosehead Insurance owns federal trademark registrations for the GOOSEHEAD Marks.

27.     Goosehead Insurance has continuously used the GOOSEHEAD Marks in commerce and has established considerable brand recognition and goodwill with respect to the GOOSEHEAD Marks.

28.     Defendant has sold, offered to sell, and distributed products throughout the United States displaying the Infringing Marks.

29.     Defendant's use of the Infringing Marks is likely to cause consumer confusion, mistake, and deception in violation of 15 U.S.C. § 1114.

30.     Goosehead Insurance has no control over the nature or quality of the products and services sold and offered for sale by Defendant. Any failure, neglect, or default of Defendant in providing quality products and services to consumers will reflect adversely upon Goosehead Insurance as the perceived source of origin and/or approval of the products, and may also have potential to harm the consuming public.

31.     Goosehead Insurance has been damaged and is likely to continue to be damaged by Defendant's infringement of the GOOSEHEAD Marks, and Goosehead Insurance seeks and is entitled to recover its actual damages, Defendant's profits from the infringement, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

32.     This case is exceptional in light of Defendant's willful use of the Infringing Marks

to sell and offer to sell its products and services throughout the United States despite Goosehead Insurance's widespread and continuous use of the GOOSEHEAD Marks for several years preceding Defendant's first use of the Infringing Marks. Because this case is exceptional, Goosehead Insurance is also entitled to recover its attorneys' fees incurred pursuing this action pursuant to 15 U.S.C. § 1117(a).

33.     Defendant's activities have caused and, unless enjoined, will continue to cause irreparable injury to Goosehead Insurance and the goodwill Goosehead Insurance has established in its products, brand, and the GOOSEHEAD Marks over the years.

### *Count Two: False Designation of Origin, 15 U.S.C. § 1125(a)*

34.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

35.     Goosehead Insurance has continuously used the GOOSEHEAD Marks in commerce and has established considerable brand recognition and goodwill with respect to the GOOSEHEAD Marks.

36.     Defendant has advertised, sold, offered to sell, and distributed products throughout the United States displaying the Infringing Marks.

37.     Defendant's actions have caused and are likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, and association of Defendant with Goosehead Insurance, Goosehead Insurance's products, and as to the origin, sponsorship, or approval of Defendant's products by Goosehead Insurance in violation of 15 U.S.C. § 1125(a)(1)(A).

38.     Goosehead Insurance has no control over the nature or quality of the products and services sold and offered for sale by Defendant. Any failure, neglect, or default of Defendant in

providing quality products and services to consumers will reflect adversely upon Goosehead Insurance as the perceived source of origin and/or approval of the products, and may also have potential to harm the consuming public.

39.    Defendant's activities have caused and, unless enjoined, will continue to cause irreparable injury to Goosehead Insurance and the goodwill Goosehead Insurance has established in its products, brand, and the GOOSEHEAD Marks over the years.

40.    Goosehead Insurance has suffered and will continue to suffer substantial damage to its brand, reputation, and goodwill, and Goosehead Insurance seeks and is entitled to recover actual damages, Defendant's profits from the infringement, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

41.    Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Goosehead Insurance is entitled to recover its attorneys' fees incurred pursuing this action.

### *Count Three: Trademark Dilution, 15 U.S.C. § 1125(c)*

42.    Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

43.    Goosehead Insurance is the exclusive owner of the GOOSEHEAD Marks.

44.    The GOOSEHEAD Marks are distinctive and famous within the meaning of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c). The GOOSEHEAD Marks are widely recognized by the general consuming public of the United States as the designation of the source of Goosehead Insurance's insurance products and services.

45.    Defendant commenced use of the Infringing Marks and variations of the GOOSEHEAD Marks after the GOOSEHEAD Marks became famous.

46.    Defendant's marketing, distribution, and sale, without authorization from

Goosehead Insurance, of products bearing the Infringing Marks, and use of the GOOSEHEAD Marks in advertising, is diluting the distinctive quality of the GOOSEHEAD Marks and decreasing the capacity of the GOOSEHEAD Marks to identify and distinguish Goosehead Insurance's products and services.

47.     Defendant's activities, as alleged herein, both separately and collectively, have diluted or are likely to dilute the distinctive quality of the GOOSEHEAD Marks in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

48.     At all relevant times, on information and belief, Defendant willfully intended to trade on Goosehead Insurance's reputation and/or to cause dilution of the famous GOOSEHEAD Marks.

49.     Goosehead Insurance seeks and is entitled to recover injunctive relief, actual damages, Defendant's profits from the infringement, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

50.     Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Goosehead Insurance is entitled to recover its attorneys' fees incurred pursuing this action.

### *Count Four: Cybersquatting, 15 U.S.C. § 1125(d)*

51.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

52.     Defendant has registered, trafficked in, and used the domain name gooseinsurance.com, which is confusingly similar to the GOOSEHEAD Marks, with a bad faith intent to profit from Goosehead Insurance's trademark rights in violation of 15 U.S.C. § 1125(d).

53.     As a result of Defendant's actions, Goosehead Insurance has been damaged.

54.     Pursuant to 15 U.S.C. § 1125(d)(1)(C), Goosehead Insurance requests that the Court order the transfer of the gooseinsurance.com domain name to Goosehead Insurance or, alternatively, the forfeiture and/or cancellation of Defendant's registration of the gooseinsurance.com domain name.

55.     Goosehead Insurance has suffered and will continue to suffer substantial damage to its brand, reputation, and goodwill, and Goosehead Insurances seeks and is entitled to recover its actual damages, Defendant's profits from the infringement, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

56.     Defendant's conduct constitutes an "exceptional" case under 15 U.S.C. § 1117(a), and Goosehead Insurance is entitled to attorneys' fees incurred pursuing this action.

### *Count Five: Common Law Trademark Infringement*

57.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

58.     Goosehead Insurance has been using the GOOSEHEAD Marks throughout the United States continuously for several years in association with its insurance products and services.

59.     Without authorization, Defendant recently began using the Infringing Marks in connection with its insurance products and services.

60.     Defendant has also used variations of the GOOSEHEAD Marks to market its products, including in social media hashtags and advertising text and images.

61.     Defendant's use of the Infringing Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's insurance products and services are created, manufactured, or distributed by Goosehead Insurance, or are associated or connected with Goosehead Insurance, or have the sponsorship, endorsement, or approval of

Goosehead Insurance, when they do not.

62.     Defendant's actions demonstrate a willful intent to trade on the goodwill associated with the GOOSEHEAD Marks.

63.     As such, Defendant's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Goosehead Insurance's goodwill and reputation, for which Goosehead Insurance has no adequate remedy at law. Furthermore, Goosehead Insurance has suffered and will continue to suffer substantial damages while Defendant has reaped substantial profits.

64.     Goosehead Insurance is entitled to injunctive relief and to recover Defendant's profits, as well as Defendant's actual damages and costs and fees incurred in connection with this action, in an amount to be determined at trial.

### *Count Six: Unfair Competition By Misappropriation, Passing Off*

65.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

66.     Goosehead Insurance developed the GOOSEHEAD Marks through the expenditure of extensive time, skill, labor, and money. In connection with the marketing and sale of insurance products and services bearing the Infringing Marks, Defendant has exploited the reputation and goodwill associated with the GOOSEHEAD Marks in competition with Goosehead Insurance to gain a competitive advantage.

67.     By these actions, Defendant has gained a financial benefit for itself and has caused harm to Goosehead Insurance's brand, goodwill, and reputation, causing Goosehead Insurance to suffer damages.

68.     Goosehead Insurance is entitled to injunctive relief and to recover Defendant's

profits, as well as Defendant's actual damages and costs and fees incurred in connection with this action, in an amount to be determined at trial.

### *Count Seven: Dilution under Texas Law, Tex. Bus. & Comm. Code § 16.103*

69.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

70.     Goosehead Insurance is the exclusive owner of the GOOSEHEAD Marks.

71.     The GOOSEHEAD Marks are distinctive and famous within the meaning of Texas Business and Commerce Code § 16.001, *et seq.* The GOOSEHEAD Marks are widely recognized by the general consuming public of the State of Texas, and in geographic areas within the State of Texas, as the designation of the source of Goosehead Insurance's products and services.

72.     Defendant commenced use of the Infringing Marks after the GOOSEHEAD Marks became famous.

73.     Defendant's marketing, distribution, and sale, without authorization from Goosehead Insurance, of products bearing the Infringing Marks, is diluting the distinctive quality of the GOOSEHEAD Marks, and decreasing the capacity of the GOOSEHEAD Marks to identify and distinguish Goosehead Insurance's products and services.

74.     Defendant's activities, as alleged herein, both separately and collectively, have diluted or are likely to dilute the distinctive quality of the GOOSEHEAD Marks in violation of Texas Business and Commerce Code § 16.103.

75.     At all times, on information and belief, Defendant willfully intended to trade on Goosehead Insurance's reputation and/or to cause dilution of the famous GOOSEHEAD Marks.

76.     Goosehead Insurance seeks and is entitled to injunctive relief and, because Defendant acted willfully, an amount up to three times Goosehead Insurance's actual damages and

Defendant's profits from the infringement, the costs of this action, and Goosehead Insurance's attorneys' fees incurred pursuing this action pursuant to Texas Business and Commerce Code §§ 16.103(c) and 16.104.

## V.  REQUEST FOR INJUNCTIVE RELIEF

77.     Goosehead Insurance reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were set out here in full.

78.     Defendant has violated 15 U.S.C. §§ 1114 and 1125(a), (c), committed common law trademark infringement, and unfairly competed with Goosehead Insurance under Texas law, and Goosehead Insurance is therefore entitled to injunctive relief under 15 U.S.C. § 1116 and under Texas law.

79.     Goosehead Insurance requests that the Court issue preliminary and permanent injunctive relief enjoining Defendant and its officers, directors, agents, employees, successors, assigns and attorneys, and all other persons and entities in active concert or participation with Defendant who receive notice of the injunction, from doing, aiding, causing or abetting the following:

(a)     engaging in any acts or activities directly or indirectly calculated to trade upon the GOOSEHEAD Marks or Goosehead Insurance's reputation and goodwill, including any further use of the Infringing Marks or any other marks that are identical or confusingly similar to the GOOSEHEAD Marks in any physical or electronic medium, including, but not limited to product packaging, advertisements, product placement, websites, internet metadata, domain names, business names, assumed business names, apparel, accessories, letterhead, social media sites, podcasts, and other written, audio, or visual materials of any nature;

(b)      applying for or maintaining any state or federal registration for the Infringing Marks or any mark that is confusingly similar to the GOOSEHEAD Marks.

(c)      directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of the GOOSEHEAD Marks or packaging in connection with the sale, offering for sale, or distribution, of any products and/or services;

(d)      directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of Defendant's products or services, including any representation that Defendant is affiliated with Goosehead Insurance;

(e)      passing off, inducing or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Goosehead Insurance, any product or service that is not the product or service of Goosehead Insurance, is not produced under the control or supervision of Goosehead Insurance, is not approved by Goosehead Insurance, or is not distributed with Goosehead Insurance's express authorization;

(f)      selling, offering to sell, or distributing products that incorporate, include, or display the Infringing Marks, or any other mark that is confusingly similar to the GOOSEHEAD Marks; and

(g)      otherwise engaging in competition unfairly.

80.      Goosehead Insurance will suffer immediate and irreparable damage, injury and harm for which there is no adequate remedy at law if Defendant is not immediately and permanently enjoined from the conduct listed above.

81.      Public policy favors the protection of intellectual property rights and the prevention

of unfair competition, and any injunctive relief granted herein will therefore be in accordance with public policy.

82.     The potential damage to Goosehead Insurance if the injunctive relief requested herein is not granted far outweighs any harm that Defendant will suffer as a result of the injunctive relief requested. Immediate and permanent injunctive relief is therefore appropriate.

### VI.  JURY DEMAND

83.     Goosehead Insurance hereby demands a trial by jury of all claims so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Goosehead Insurance prays that the Court grant the following relief:

1.      Grant the injunctive relief requested in Section V of this Complaint;

2.      Order Defendant to file with the Court and serve upon counsel for Goosehead Insurance within thirty (30) days after the entry of the injunction prayed for in this Complaint, a written report, sworn to under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3.      Award Goosehead Insurance its actual damages, which may be trebled in the Court's discretion, resulting from Defendant's infringement;

4.      Order Defendant to account for and pay to Goosehead Insurance all profits derived by reason of Defendant's acts alleged in this Complaint, which may be trebled in the Court's discretion, and to disgorge such profits to Goosehead Insurance;

5.      Find that this is an "exceptional" case pursuant to 15 U.S.C. § 1117;

6.      Award Goosehead Insurance its costs of suit, including reasonable and necessary attorneys' fees and expenses pursuant to 15 U.S.C. § 1117;

7.     Pursuant to 15 U.S.C. § 1125(d)(1)(C), order Defendant to transfer the registration of the gooseinsurance.com domain name to Goosehead Insurance or, alternatively, order the forfeiture or cancellation of the gooseinsurance.com domain name.

8.     Award Goosehead Insurance pre-judgment and post-judgment interest at the highest legal rate on all sums awarded in the Court's judgment; and

9.     Award Goosehead Insurance such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

HAYNES AND BOONE, L.L.P.

/s/ *Jason P. Bloom*
Jason P. Bloom (*pro hac vice*)
jason.bloom@haynesboone.com
State Bar No. 24045511
2801 N. Harwood St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

**ATTORNEYS FOR PLAINTIFF
GOOSEHEAD INSURANCE AGENCY, LLC**